UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brett Harris,<br><br>              Plaintiff(s),<br><br>vs.<br><br>HSN, Inc., *et al.*,<br><br>              Defendant(s). | 2:24-cv-01476-CDS-MDC<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT** |

Pending before the Court is defendant's *Motion for More Definite Statement* ("Motion") (ECF No. 6). For the reasons stated below, the Court GRANTS the Motion.

## DISCUSSION

### I. BACKGROUND

This is a products liability suit arising from plaintiff's alleged use of and injury from a Bon Appetit pressure cooker. ECF Nos. 1-1, 6, and 11. Plaintiff filed the action in the Eighth Judicial District Court of Nevada on March 22, 2024. ECF No. 1 at 1. Defendants removed the action to federal court on August 12, 2024. ECF No. 1 at 3. Subsequently, on August 14, 2024, defendants filed the instant Motion for a More Definite Statement ("Motion") which is presently before this Court.

### II. LEGAL STANDARD

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement "must point out the defects complained of and the details desired." *Id.* "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984). "Rule 12(e) motions are disfavored and rarely granted." *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F.Supp. 3d 1180, 1187 (D. Nev. 2023) (internal citations

omitted). However, whether to grant the motion is within the discretion of the district court. *Id.* "An order granting the motion is appropriate when the responding party cannot ascertain the substance of the asserted claim." *Id.* at 1186. "If the moving party could obtain the missing detail through discovery, the motion should be denied." *FDIC v. Jones*, 2013 U.S. Dist. LEXIS 104881, at * 3 (D. Nev. July 26, 2013) (internal citation omitted).

**III. ANALYSIS**

Defendant HSN, Inc. argues that it cannot respond to plaintiff's complaint because it is unsure of its role regarding the cooker. *See generally* ECF No. 6. Plaintiff opposes defendant's Motion, arguing that defendant has been put on notice and that the sought after information is obtainable through discovery. *See generally* ECF No. 11. In reply, defendant states that neither it nor any other HSN company manufactured pressure cookers, nor was it involved in sale or distribution of any pressure cooker. ECF No. 13 at 2. Defendant concedes that a "separate and distinct HSN company, HSNi, LLC," once sold the cooker at issue "for a limited time between January of 2012 and January of 2014;" however, defendant argues that HSNi, LLC was not the exclusive seller of the cooker at issue. *Id.* Defendant argues that at minimum, plaintiff "must share his knowledge about the origin of his cooker, if he wishes to impose the burden and expense of litigation on HSN, Inc. or any other HSN company."

As stated previously, a motion for a more definite statement is aimed at unintelligibility rather than lack of detail. *Woods*, 600 F.Supp. at 580. "[S]hotgun pleadings may be considered unintelligible." *Underwood*, 671 F.Supp. at 1188. There are generally four categories of shotgun pleadings:

> First is a complaint in which each count adopts all of the allegations of the preceding counts. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Second is a complaint alleging "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. Third is a complaint that does not separate each cause of action or claim for relief into different counts. *Id*. at 1322-23. Fourth is a complaint that fails to specify which defendants are responsible for which acts or omissions. *Id*. at 1323.

*Crapser v. NaphCare, Inc.*, 2023 U.S. Dist. LEXIS 190593, at * 12 (D. Or. Oct. 24, 2023).

1    One of the common types of shotgun pleadings is present in "cases with multiple defendants
2 where plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants
3 together without identifying what the particular defendants specifically did wrong." *Sollberger v.*
4 *Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233, at *12 (C.D. Cal. June 30, 2010).  A motion for a
5 more definite statement is "likely to be granted where the complaint is so general that ambiguity arises
6 in determining the nature of the claim or the parties against whom it is being made." *Sagan v. Apple*
7 *Computer, Inc.,* 874 F.Supp. 1072, 1076 (C.D. Cal. 1994).
8     Defendant HSN, Inc. alleges it is difficult to discern from plaintiff's complaint what actions give
9 rise specifically to HSN, Inc.  The Court agrees. Plaintiff's complaint is precisely the shotgun pleading
10 identified in *Sollberger*.  Plaintiff grouped manufacturers and distributors collective as "defendants,"
11 without identifying what any particular defendant specifically did wrong.  To add to the confusion,
12 plaintiff sometimes refers to a singular "defendant," while other times the plural "defendants." *E.g.,*
13 ECF No. 1-1 at ¶¶17, 18, 21(c), 21(d), 21(f), 22, 24. "Liability is personal….The Rules of Civil
14 Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that
15 is asserted to be wrongful."  *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *see also*
16 *e.g., Morgan v. Clark Cty. Credit Union*, 2008 WL 11385507, at *6 (D. Nev. July 21, 2008) (a
17 complaint for breach of contract must "identify which contract each Defendant allegedly breached,
18 describe how each Defendant breached the relevant contract, and to identify the parties to the contract").
19     Plaintiff's alter ego/agency allegations at Paragraphs 8 and 10 of his complaint (ECF No. 1-1) is
20 conclusory and insufficient.  Rule 8 does not empower a plaintiff to simply affix general labels and
21 expect his complaint to survive. *Ashcroft v. Iqbal,* 556 U.S. 662, 687, 129 S. Ct. 1937, 1954 (2009).
22 Finally, plaintiff's argument that defendants could fill in gaps or details through discovery is not
23 persuasive. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined,
24 discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and
25

society loses confidence in the court's ability to administer justice." *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir.1996).

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for More Definite Statement* (ECF No. 6) is GRANTED. Plaintiff shall file and serve an amended complaint which reflects more definite allegations as to the liability of each defendant on or before **October 4, 2024**.

DATED this 18th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge