UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brett Harris,

        Plaintiff

v.

HSN, Inc., et al.,

        Defendants

Case No. 2:24-cv-01476-CDS-MDC

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 19]

       Defendant HSN, Inc. moves to dismiss plaintiff Brett Harris's amended complaint (ECF No. 18), for failing to state a claim. Mot., ECF No. 19. HSN, Inc. argues that even after Harris was given the opportunity to file an answer to their motion for a more definite statement[1] and an amended complaint, Harris fails to cure the pleading deficiencies previously identified by United States Magistrate Judge Maximilliano Couvillier. *See* ECF No. 19 at 1–2, 9 (citing order granting motion for more definite statement, ECF No. 17)). Harris opposes the motion, arguing that his strict product liability is appropriately pled. *See* Opp'n, ECF No. 20. The motion is now fully briefed. *See* Reply, ECF No. 21. For the reasons set forth herein, I grant HSN, Inc.'s motion to dismiss the amended complaint.

**I.   The allegations set forth in the amended complaint.**

       Plaintiff Brett Harris alleges that on or about March 28, 2022, he was using a Bon Appetit 7-Quart Electronic Pressure Cooker to make a soup. ECF No. 18 at 2, ¶ 3. When the cooker finished making the soup, Harris let the steam out and then let the cooker sit for several minutes before attempting to open it. *Id.* Harris opened the pressure cooker without any resistance. *Id.* It was then that hot soup unexpectedly shot out of the subject pressure cooker, causing Harris to suffer from severe burns to his left arm, left hand, and lower abdomen. *Id.* at 6, ¶ 33.

---

[1] Motion for a more definite statement, ECF No. 6.

As a result of this incident, Harris brings claims of strict product liability and negligent product liability against all defendants. *See* Am. compl., ECF No. 18. Harris further alleges that he used the cooker correctly and that he "did not know or appreciate any potential risk or danger created by the subject pressure cooker's defect." *Id.* at 6, ¶¶ 34–35. Harris alleges that his family received the cooker as a gift from an individual who purchased the subject pressure cooker from defendants "HSN, INC. and/or CONDE NAST PUBLICATIONS, INC." *Id.* at 6, ¶ 36. The cooker at issue here, he alleges, was both "defectively designed and manufactured," identifying the manufacturing and design defendants as "IS APPLIANCES, INC., ZHANJIANG HALLSMART ELECTRICAL APPLIANCE CO. LTD and/or BON APPETIT, INC." *Id.* at 7, ¶ 41. Harris claims that he used it because all defendants, including HSN, Inc., concealed the cooker's defects, failed to warn consumers of the defects, made negligent misrepresentations, failed to remove a product with such defects from the stream of commerce, and negligently designed the cooker, all of which caused the injuries he suffered. *Id.* at ¶ 43. He further claims that his injuries were the result of his reasonable and foreseeable use of the cooker. *Id.*

## II. Legal standard

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.  Discussion

HSN, Inc. moves to dismiss the amended complaint. ECF No. 19. The crux of HSN, Inc.'s argument is that Harris does not know "where, when, how, or by whom his cooker was purchased," and that Harris's allegation that the cooker came from HSN, Inc. is based on his "information and belief" which is insufficient to sustain either claim. *Id.* at 3–4. I agree.

In Nevada, to bring a claim for strict product liability, a plaintiff must "demonstrate that, the product at issue was defective, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Ford Motor Co. v. Trejo*, 402 P.3d 649, 652 (Nev. 2017) (citation omitted). Strict product liability claims may be brought under the theories of defect by failure to warn, defect by design, or defect by manufacturing. *Id.* at 653.

The amended complaint adequately alleges that the cooker was defective and that the cooker caused Harris's injuries. However, in any product liability claim, a plaintiff must establish a connection between the defendant and the defective product that caused the plaintiff's injuries. *McCullough v. Iovate Health Scis. U.S.A. Inc. (In re Hydroxycut Mktg. & Sales Pracs. Litig.)*, 2011 U.S. Dist. LEXIS 103818, at *46 (S.D. Cal. Aug. 29, 2011) (citing *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 286 n.45 (S.D.N.Y. 2001)). Indeed, Nevada has long held that "public policy demands that the one who places upon the market [a product] in a condition dangerous for use must be held strictly liable to the ultimate user for injuries resulting from such use . . . ." *Shoshone Coca-Cola Bottling Co. v. Dolkinski*, 420 P.2d 855, 857 (Nev. 1966). And under some product liability theories, defendants in Nevada must be classified as "sellers" to be found liable. *Allison v. Merck & Co.*, 878 P.2d 948, 952 n.1 (Nev. 1994).

This is where Harris's strict product liability claim against HSN, Inc. fails. He must allege that HSN, Inc. is responsible in some way for placing the cooker into the market. "A necessary element of a strict products liability cause of action is that it was the defendant who manufactured and placed in the stream of commerce the injury-causing defective product." *Gregg v. R.D. Werner Co.*, 1997 U.S. Dist. LEXIS 8085, at *5 (S.D.N.Y. June 9, 1997) (citing *Healey v. Firestone Tire & Rubber Co.*, 87 N.Y.2d 596, 601 (1996)). The amended complaint suggests, based on "information and belief", that HSN, Inc. and "CONDE NAST PUBLICATION, INC." placed the cooker into the stream of commerce by selling the cooker to an unidentified individual who, in turn, gifted it to Harris and his family. ECF No. 18 at 6, ¶ 36. There is no information regarding when this gift was purchased nor when it was gifted. There is no information regarding how or why there is information or belief that HSN, Inc. and Conde Nast are responsible for placing the product into the stream of commerce. There is simply insufficient information that would place HSN, Inc. on notice of what it allegedly did or when it did it. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the allegations do not do enough "to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Even accepting the well-pleaded material facts as true, this court cannot determine if HSN, Inc. is an actual manufacturer, distributor, or seller of the cooker. As a result, this claim must be dismissed.

Harris's negligent product liability claim against HSN, Inc. fails for a similar reason. To state a claim for negligence under Nevada law, a plaintiff must allege: (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages. *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012) (citations omitted). Because Harris fails to allege sufficient facts that demonstrate HSN, Inc. placed the cooker into the stream of commerce, he has failed to plausibly allege HSN, Inc. owed Harris a duty of care. Consequently, this claim fails and is dismissed.

### IV. Leave to Amend

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

It is difficult to see how Harris can cure the pleading deficiencies identified in this order, especially considering Judge Couvillier's order granting defendant HSN, Inc.'s motion for a more definite statement. But, because it is not totally clear that amendment would be futile, leave to amend is a granted. Harris is given fourteen days to file a second amended complaint.

### V. Conclusion

IT IS THEREFORE ORDERED that HSN, Inc.'s motion to dismiss the amended complaint [ECF No. 19] is **GRANTED without prejudice and with leave to amend.**

IT IS FURTHER ORDERED that, if the plaintiff elects to do so, he must file his second amended complaint on or before March 13, 2025. This matter is referred to the magistrate judge for a settlement conference.

Dated: February 27, 2025

_____
Cristina D. Silva
United States District Judge