UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brett Harris,<br><br>                Plaintiff<br><br>v.<br><br>HSN, Inc., et al.,<br><br>                Defendants | Case No. 2:24-cv-01476-CDS-MDC<br><br>**Order to Show Cause for Failure to File Amended Complaint and Why this Action Should Not be Dismissed for Failure to Prosecute** |

Plaintiff Brett Harris's first amended complaint was dismissed without prejudice because it was not clear that amendment would be futile. Thus, he was granted leave to amend. ECF No. 28 at 5. Harris—who is represented by counsel—was given until March 13, 2025, to file a second amended complaint. *Id.* That deadline expired, and Harris did not file an amended complaint, move for an extension of time, or otherwise respond in any way to the court's order. However, before imposing the harsh sanction of dismissal for failure to prosecute or comply with a court order, the court must first weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 830 (9th Cir. 1986). In cases like this, involving sua sponte dismissal under Federal Rule of Civil Procedure 41(b), there is a closer focus on two considerations: less drastic alternatives and providing warning of imminent dismissal of the case. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). "A federal district judge has an obligation to warn a plaintiff that dismissal is imminent." *Id.* at 273.

Almost two weeks have passed since Harris's deadline to file a second amended complaint; this action cannot move forward unless and until there is an operative complaint. Therefore, in consideration of a less drastic alternative to dismissal at this juncture, Harris is ordered to (1) file a second amended complaint or (2) show cause why the action should not be dismissed with prejudice for failure to prosecute and failure to comply with a court order, by April 3, 2025.

Additionally, Federal Rule of Civil Procedure 4(m) provides that the court must—on its own after notice to the plaintiff—dismiss the action against a defendant that is not served within ninety days after the complaint is filed. To date, there is no proof that defendants Zhanjiang Hallsmart Electrical Appliance Co., Ltd., Conde Nast Publications, Inc., Bon Appetit, Inc., or IS Appliances, Inc. were ever served with Harris's October 4, 2024 amended complaint.

If Harris chooses to file a second amended complaint, the complaint should attempt to remedy the pleading defects identified in my order granting HSN, Inc.'s motion to dismiss (ECF No. 28) and Judge Couvillier's order granting the motion for a more definite statement (ECF No. 17). **Harris is expressly advised that if he does not amend or respond to this order by the deadline, HSN, Inc. will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.** Likewise, if Harris does not amend or respond to this order by April 3, 2025, the remaining unserved defendants will be dismissed without prejudice under Rule 4(m). If Harris no longer wishes to pursue his claims, he may voluntarily dismiss the lawsuit by filing a dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).

Dated: March 27, 2025

_____
Cristina D. Silva
United States District Judge